UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| KAHLIL MALIK BARBER,  )<br>   Plaintiff,     )<br>              )<br>v.              )<br>              )<br>VIRGINIA EMPLOYMENT  )<br>COMMISSION, *et al*.,    )<br>   Defendants.     )<br>_____) | Civil Action No. 2:21cv162 |

**MEMORANDUM OPINION**

This matter is before the Court following *pro se* Plaintiff Kahlil Malik Barber's ("Mr. Barber") failure to respond to the Court's September 13, 2021 Order to Show Cause. As explained in more detail below, this action will be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

On March 26, 2021, Mr. Barber, appearing *pro se*, initiated this action by filing an application to proceed *in forma pauperis* ("First IFP Application"), along with a proposed Complaint against Defendants Virginia Employment Commission ("VEC"), Brian Ball, Ellen Marie Hess, Ralph Northam, and Manju Ganeriwala (collectively "Defendants"). First IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. The Court denied Mr. Barber's First IFP Application, and Mr. Barber subsequently filed a second application to proceed *in forma pauperis* ("Second IFP Application"). Order at 1, ECF No. 2; Second IFP Appl., ECF No. 3.

In an Order dated May 20, 2021, the Court granted Mr. Barber's Second IFP Application and directed the Clerk to file Mr. Barber's Complaint. Order at 1, ECF No. 4; Compl., ECF No. 5.

In his Complaint, Mr. Barber alleges that Defendants violated his constitutional rights by failing to timely process his application for unemployment benefits. Compl. at 3-4.

Mr. Barber's claims are similar to the claims asserted by five putative class action plaintiffs in a lawsuit pending in the Richmond Division of this Court, *Cox v. Hess*. *See* Class Action Compl., *Cox v. Hess*, No. 3:21cv253 (E.D. Va. Apr. 15, 2021), ECF No. 1. In *Cox*, the plaintiffs asserted three claims against Ellen Marie Hess, in her official capacity as the Commissioner of the VEC, regarding the alleged untimely administration of unemployment benefits. *Id*. Following a judicial mediation, the Court issued an Order in *Cox* on May 25, 2021, that memorialized the terms of a settlement agreement entered into by the parties. Order at 1-10, *Cox v. Hess*, No. 3:21cv253 (E.D. Va. May 25, 2021), ECF No. 25. Pursuant to the settlement agreement, the VEC agreed to comply with certain "performance standards" that would enable the VEC to resolve all of the "pending unpaid claims" that were awaiting adjudication by the VEC as of May 10, 2021. *Id*. at 4.

On July 21, 2021, a "Status Report Regarding Related *Pro Se* Cases" ("Status Report") was filed in the *Cox* matter, which summarized "the current status of all related *pro se* cases filed against [Ellen Marie Hess] and the [VEC] in either the Eastern District of Virginia or the Western District of Virginia regarding unemployment benefits." Status Report at 1, *Cox v. Hess*, No. 3:21cv253 (E.D. Va. July 21, 2021), ECF No. 33. With respect to Mr. Barber's claim for unemployment benefits, which serves as the basis for the instant action, the Status Report stated:

> Claimant filed a PUA claim which was partially paid. PUA decision issued and mailed 07/14/21 denying selected weeks of PUA claim. No appeal filed as of 07/20/21.

*Id*. at 4.

Prior to the filing of the Status Report in *Cox*, Defendants filed a Motion to Dismiss in the instant action and provided Mr. Barber with a proper *Roseboro* Notice pursuant to Rule 7(K) of

the Local Civil Rules of the United States District Court for the Eastern District of Virginia.[1] Mot. Dismiss at 1-3, ECF No. 10; *see* E.D. Va. Loc. Civ. R. 7(K). Despite receiving a proper *Roseboro* Notice, Mr. Barber chose not to file an Opposition to Defendants' Motion to Dismiss.

On September 13, 2021, the Court issued an Order to Show Cause in the instant action. Order Show Cause at 1-3, ECF No. 12. In the Order to Show Cause, the Court summarized the above information and stated:

> Based on the information contained in the Status Report filed in *Cox* regarding the resolution of Mr. Barber's claim for unemployment benefits, it appears that the claims asserted by Mr. Barber in the instant action have been rendered moot. However, the Court will provide Mr. Barber with an opportunity to address this issue before dismissing this action. Accordingly, Mr. Barber is ORDERED to SHOW CAUSE, within twenty-one days from the date of entry of this Order to Show Cause, why this action should not be dismissed as moot.

*Id*. at 2-3. The Court specifically warned Mr. Barber that this action would be dismissed if Mr. Barber failed to respond to the Order to Show Cause. *Id*. at 3 (citing Fed. R. Civ. P. 41(b)).

More than twenty-one days have passed, and Mr. Barber did not respond to the Court's September 13, 2021 Order to Show Cause.

## II. DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although Federal Rule 41(b) states that "a defendant may move to dismiss the action," the Court retains the "authority to act on its own initiative," and "need not await a motion from a defendant before it employs the dismissal

---

[1] Defendants' Motion to Dismiss does not discuss the specific resolution of Mr. Barber's claim for unemployment benefits that is addressed in the subsequently filed Status Report in *Cox*. Mem. Supp. Mot. Dismiss at 1-11, ECF No. 11.

3

sanction." *Id*.; *see Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

Here, the Court finds that Mr. Barber's actions (or lack thereof), as detailed above, demonstrate a failure to prosecute this action, and a failure to comply with a prior Order of this Court. Accordingly, Mr. Barber's action will be DISMISSED without prejudice pursuant to Federal Rule 41(b).[2]

### III. CONCLUSION

For the reasons set forth above, this action will be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

An appropriate Order shall issue.

/s/ *Roderick C. Young*
Roderick C. Young
United States District Judge

Richmond, Virginia
October 8, 2021

---

[2] Because this action will be dismissed without prejudice pursuant to Federal Rule 41(b), Defendants' Motion to Dismiss, ECF No. 10, will be terminated by the Clerk without a ruling on its merits.